UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAUL G. STROZEWSKI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TACOMA POLICE UNION #6,<br><br>　　　　Defendant. | Case No. C06-5013 FDB<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT |

This matter comes before the Court on notice of intent to dismiss for failure to prosecute. Pending the notice to show cause, Defendant has filed a motion to dismiss for insufficiency of service of process and/or lack of subject matter jurisdiction. After reviewing all the materials submitted by the parties, or lack thereof, the Court is fully informed and hereby grants the Defendant's motion and dismisses Plaintiff's case for the reasons described below.

**INTRODUCTION AND BACKGROUND**

The City of Tacoma is a political subdivision of the State of Washington and a public employer within the terms of Washington's Public Employees Collective Bargaining Act (PECBA). Tacoma Police Union Local #6 is the bargaining representative of all commissioned employees

ORDER - 1

1  through the rank of Sergeant employed by the City in the Tacoma Police Department.  Local #6 and
2  the City are signatories to a collective bargaining agreement setting the wages, hours and working
3  conditions of the members of the bargaining unit.
4      On January 11, 2006, Paul Strozewski, a former member of the bargaining unit, filed this
5  action against Local #6 alleging that the Union breached the duty of fair representation arising under
6  the National Labor Relations Act.  Not until June 1, 2006, did Plaintiff attempt to effectuate service
7  on Local #6 by personally serving a copy of the summons and complaint on a member of Local #6's
8  Executive Board.
9      On January 23, 2006 this Court entered a Minute Order setting May 23, 2006, as the deadline
10 for filing a combined Joint Status Report.  On June 7, 2006, the Plaintiff not having responded, the
11 Court entered an Order on Notice of Intent to Dismiss for Failure to Prosecute.  Plaintiff was
12 directed to show cause why this matter should not be dismissed and notified that dismissal would
13 occur on June 28th unless the Plaintiff made proper response.
14     On June 21 Defendant filed a motion to dismiss for insufficiency of service of process and/or
15 lack of subject matter jurisdiction.

16 **PERSONAL JURISDICTION**

17     A federal court is without personal jurisdiction over a defendant unless the defendant has
18 been served in accordance with Fed. R. Civ. P. 4.  In re Focus Media, 387 F.3d 1077, 1081 (9th Cir.
19 2004), Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986).  Under Fed. R. Civ. P. 4(m) the district
20 court must dismiss an action if the defendant is not served with copies of the summons and the
21 complaint within 120 days after the filing of the complaint, unless the plaintiff can show good cause
22 why service was not made.  Under Rule 4(c)(2) service of summons and complaint "may be effected
23 by any person who is not a party and who is at least 18 years of age."  Rule 4 means precisely what it
24 says: save for those few special situations expressly enumerated in the Rule, any person over 18, *who*
25 *is not a party to the suit*, may serve the summons and complaint.  Benny v. Pipes, 799 F.2d 489, 494
26 ORDER - 2

(9th Cir. 1986). Here, the Plaintiff Strozewski, a party to the action, personally served the summons and complaint. Thus, it is clear that service was not in compliance with Rule 4. However, service under Rule 4 is "a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). In order for the sufficient notice exception to apply, there must be a justifiable excuse for the defect. Daly-Murphy v. Winston, 837 F.2d 348, 355 n. 4. (9th Cir. 1987). A party is not permitted to create his own methods of compliance with the required service rules. See, Mason v. Genisco Technology Corp., 960 F.2d 849, 853 (9th Cir.1992). Strozewski's pro se status, alone, is not a justifiable excuse for the defect. See, Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992).

Plaintiff has not shown good cause for his failure to serve process. Additionally, the complaint is subject to dismissal for failure to serve within 120 days of filing the complaint. Fed. R. Civ. P. 4(m). The claims against Local #6 are subject to dismissal for lack of personal jurisdiction.

**SUBJECT MATTER JURISDICTION**

The National Labor Relations Act, 29 U.S.C. § 185, provides for federal district court jurisdiction over suits alleging a breach of duty of fair representation by a labor organization representing employees in the private sector. The federal courts lack jurisdiction over suits against a labor organization representing employees of a public employer. Ayres v. International Broth. of Elec. Workers, 666 F.2d 441, 444 (9th Cir. 1982); Carmen v. San Francisco Unified School Dist., 982 F. Supp. 1396, 1409 (N.D. Cal.,1997). It is undisputed that the City of Tacoma is a public employer and Local #6 is a bargaining representative of certain public sector employees of the City. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's complaint. The claims against Local #6 are subject to dismissal for lack of subject matter jurisdiction.

**FAILURE TO PROSECUTE**

Dismissal is the appropriate sanction for plaintiff's failure to prosecute this action. Dismissal

ORDER - 3

1  is authorized by Fed. R. Civ. P. 41(b) (dismissal appropriate "[f]or failure of the plaintiff to prosecute
2  or to comply with these rules or any order of court ...") and  Fed. R. Civ. P. 16(f) (dismissal
3  appropriate "[i]f a party ... fails to obey a scheduling order or pretrial order").  Plaintiff has failed to
4  comply with the Court's pretrial orders and failed to show cause.  Dismissal is appropriate.

## CONCLUSION

For the reasons set forth above, Defendant is entitled to summary judgment.

ACCORDINGLY,

IT IS ORDERED:

Defendant's Motions to Dismiss Plaintiff's Complaint [Dkt. #6] is **GRANTED**, and Plaintiff's case is dismissed, with prejudice.


DATED this 25th day of July, 2006.

/s/ Franklin D. Burgess

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4